Melvin Leroy TYLER, Frank Kevin Pool, George Thorne, Vincecca Vallaro, Jerry Jones and Mark Hamilton, Appellants,

v.

Dr. Leroy BLACK and Donald Wyrick, Appellees.

No. 83–2464.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1984.

Decided July 6, 1984.

---

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

David Kite, Mo. Bar # 25654, Mid-Missouri Legal Services Corp., Jefferson City, Mo., for appellants.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

BRIGHT, Circuit Judge.

This appeal is from a district court[1] order granting in part and denying in part a motion for preliminary injunctive relief. We affirm.

Appellants are inmates at the Missouri State Penitentiary who filed suit pursuant to 42 U.S.C. § 1983 challenging certain practices and procedures in the operation of the prison's Special Management Unit (SMU). Prison officials established the SMU, a maximum security housing unit within the prison, in 1982. The district court certified the inmates as a class to litigate five broad issues: (1) policies and procedures regarding transfers to the unit; (2) denial of access to the courts; (3) lack of educational, recreational, and employment opportunities; (4) general conditions of confinement; and (5) loss of personal property and legal materials. The inmates then filed the present motion for preliminary relief. Following an evidentiary hearing before a United States Magistrate, the district court entered an order denying most of the requested relief. This appeal followed.

Specifically, appellants contend that the district court erred in refusing to enjoin further transfers to the unit on the ground that prison officials were denying inmates' due process rights, and in failing to grant preliminary relief on the claims of denial of access to the courts, denial of access to educational, employment, and recreational opportunities, and cruel and unusual conditions of confinement.

■■■ Our review of a grant or denial of preliminary relief is limited to determining whether the district court abused its discretion or based its decision on an erroneous legal premise. *O'Connor v. Peru State College,* 728 F.2d 1001, 1002 (8th Cir.1984). In the present case, the magistrate held lengthy evidentiary hearings on the motion, and then issued a thorough and thoughtful Report and Recommendation applying the standard set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109 (8th Cir.1981).[2] The district court then reviewed the record and the evidence, addressed the inmates' objections to the magistrate's report in some detail, and entered an order adopting the magistrate's recommendation.

After carefully reviewing the record, we conclude that in denying the requested preliminary relief, the district court neither abused its discretion nor based its decision

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. In *Dataphase,* this court outlined the factors to consider in determining whether to grant preliminary relief:

(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.
640 F.2d at 114.

on an erroneous legal premise. Accordingly, we affirm.